UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEEVINE C.,

                                Plaintiff,

                 v.

ANDREW M. SAUL, Commissioner of
  Social Security,

                             Defendant.
_____

**DECISION**
**and**
**ORDER**

**19-CV-1606F**
(**consent**)

APPEARANCES:          LAW OFFICES OF LEWIS L. SCHWARTZ, PLLC
                             Attorneys for Plaintiff
                             LEWIS L. SCHWARTZ, of Counsel
                             1231 Delaware Avenue
                             Suite 103
                             Buffalo, New York  14209

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York  14202
                                     and
                             JEREMIAH D. HAYES, and
                             NICOL FITZHUGH
                             Special Assistant United States Attorneys, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             601 E. 12th Street, Room 965
                             Kansas City, Missouri  64106

## **JURISDICTION**

On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 14).  The matter is presently before

the court on motions for judgment on the pleadings filed by Plaintiff on August 5, 2020 (Dkt. 10), and by Defendant on September 18, 2020 (Dkt. 12).

## BACKGROUND

Plaintiff Deevine C. ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision that Plaintiff was not entitled to Social Security Childhood Disability Benefits ("CDB"), under Title II of the Act or Supplemental Security Income ("SSI") under Title XVI of the Act (together, "disability benefits"), prior to February 6, 2015.  Because this case has already been remanded from this court on two prior occasions, a brief summary of the history of the prior cases is provided.

On March 30, 1992, Plaintiff, born August 28, 1989, was initially awarded SSI benefits as a disabled child based on attention deficit hyperactivity disorder ("ADHA"), "with marked delays in the social and concentration/persistence/pace domains of development."  AR[1] at 62, 119, 122.  In September 1999, Plaintiff's SSI was terminated based on a finding of significant medical improvement, AR at 62, which decision Plaintiff appealed to the SSA and, after an administrative hearing, on January 19, 2000, the decision terminating Plaintiff's SSI was reversed and Plaintiff resumed receiving the benefits.  AR at 57, 63.  In September 2003, Plaintiff ceased receiving SSI benefits and began receiving CDB in his own name on his father's earnings record "based on his age alone."  AR at 301.  Plaintiff ceased receiving CDB in August 2007 after turning 18 years old and ceasing attending school full time.  *Id*.

---

[1] References to "AR" are to the CM/ECF-generated page number of the Administrative Record electronically filed by Defendant in four parts on February 18, 2020 (Dkts 4, 4-1, 5, and 5-1).

On October 27, 2006, Plaintiff filed under Title II for CDB as a disabled adult child, based on the earnings record of Plaintiff's deceased father, and protectively filed under Title XVI for SSI, alleging August 28, 1989, Plaintiff's date of birth, as the disability onset date ("DOD") based on mobility problems, brain damage since birth, and chronic asthma ("first disability claim").  AR at 13, 56, 89-95, 106, 109, 113, 120, 737-38.  The CDB claim was initially denied on March 20, 2007, AR at 67-70, and a timely written request for an administrative hearing was filed on April 18, 2007.  AR at 71.   On November 10, 2008, Plaintiff's SSI claim was escalated to the hearing level and the SSI claim was merged with the CDB claim.  AR at 13.  On January 27, 2009, an administrative hearing was held in Buffalo, New York before Administrative Law Judge ("ALJ") William E. Straub ("ALJ Straub"), who, on February 20, 2009, rendered an unfavorable decision ("ALJ Straub's decision").  AR at 449-60; 491-506.  On March 5, 2009, Plaintiff timely filed a request for review of ALJ Straub's decision by the Appeals Council, AR at 6-9, 544-46.

Meanwhile, Plaintiff filed a subsequent SSI claim on February 27, 2009, AR at 442, 745-49, and a subsequent CDB claim on March 20, 2009, AR at 441, 739-40, 762-65 (together, "second claim"), again alleging August 28, 1989 as the DOD.  On August 10, 2009, Plaintiff's second claim was initially denied.  AR at 589-608.  On September 17, 2009, Plaintiff timely requested an administrative hearing on the second claim.  AR at 609-10.

On February 18, 2011, the Appeals Council denied Plaintiff's request for review of ALJ Straub's decision, AR at 1-3, 434-40, and 461-63, thereby making ALJ Straub's decision the Commissioner's final determination on the first claim.  On March 11, 2011,

Plaintiff commenced his first action in this court challenging the Commissioner's determination on the first claim.  *Colon v. Astrue*, 11-CV-210A(M) (W.D.N.Y.) ("first legal action").

On June 14, 2011, an administrative hearing on Plaintiff's second claim was held in Buffalo, New York before ALJ Eric J. Glazer ("ALJ Glazer"), AR at 1124-67, with a supplemental hearing conducted by ALJ Glazer on July 26, 2011.  AR at 1096-1123. On August 11, 2011, ALJ Glazer issued an unfavorable decision on Plaintiff's second claim, ("first ALJ Glazer decision") AR at 464-85, for which Plaintiff timely filed for review by the Appeals Council.  AR at 682-84.  On June 15, 2012, the Appeals Council vacated the first ALJ Glazer decision and remanded the second claim to ALJ Glazer with instructions that the opinions of Plaintiff's vocational counselor Davina Moss-King, Ph.D. ("Dr. Moss-King") be fully addressed and that the file pertaining to Plaintiff's first claim be incorporated with the second claim.  AR at 380-84; 486-90.  Accordingly, on October 23, 2012, another administrative hearing was held before ALJ Glazer, AR at 1168-87, who, on November 7, 2012, issued another unfavorable decision ("second ALJ Glazer decision"), AR at 385-402.  Plaintiff then timely filed a request for the Appeals Council to review the second ALJ Glazer decision.

On April 23, 2013, while Plaintiff's request for review by the Appeals Council of the second ALJ Glazer decision was pending, United States Magistrate Judge Jeremiah J. McCarthy ("Judge McCarthy"), issued a Report and Recommendation in the first legal action, finding ALJ Straub failed to fully address the opinions of Dr. Moss-King, as well as Plaintiff's depression and anxiety, AR at 404-27, which was adopted by United States District Judge Richard J. Arcara on May 21, 2013, *Colon v. Astrue*, 2013 WL

2245457, at * 10-13 (W.D.N.Y. May 21, 2013), with judgment in Plaintiff's favor entered

May 23, 2013, and the matter remanded for further administrative proceedings.  AR at

403.  On August 1, 2014, the Appeals Council issued a Remand Order vacating ALJ

Straub's decision and the second ALJ Glazer decision, directed the first and second

claims be consolidated ("consolidated claim"), and remanded the matter for further

proceedings consistent with this court's order including a new administrative hearing.

AR at 430-37.

   In accordance with the Appeals Council's remand order, on March 12, 2015 an

administrative hearing was held in Buffalo, New York on the consolidated claim

conducted by ALJ Bruce R. Mazzarella ("ALJ Mazzarella"), AR at 322-79, who, on June

4, 2015, issued an unfavorable opinion ("ALJ Mazzarella decision") AR at 298-321.

Plaintiff did not file for review by the Appeals Council, but on September 17, 2015, filed

an action in this court seeking review of ALJ Mazzarella decision.  *Colon v. Colvin*, 15-

CV-834A(M) (W.D.N.Y.) ("second legal action").  On September 14, 2017, Judge

McCarthy issued a Report and Recommendation finding Plaintiff disabled at least as of

February 6, 2015, but remanding the matter for determination as to whether Plaintiff's

DOD is earlier than February 6, 2015 ("Report and Recommendation").  AR at 1289-

1305; *Colon v. Berryhill*, 2017 WL 4570389, at * 8 (W.D.N.Y. Sept. 14, 2017).  On

October 11, 2017, the Report and Recommendation was adopted by United States

District Judge Michael A. Telesca, AR at 1287-88; *Colon v. Berryhill*, 2017 WL 4541011

(W.D.N.Y. Oct. 11, 2017), with judgment entered and the matter remanded for further

administrative proceedings on October 12, 2017.  AR at 1286.

On February 21, 2018, the Appeals Council issued a "Notice of Appeals Council Decision and Order of Appeals Council Remanding Case to Administrative Law Judge," ("Appeals Council remand order") AR at 1309-16, awarding Title XVI benefits to Plaintiff as of February 6, 2015, suggesting medical expert evidence be obtained to determine "the exact onset date" pursuant to Social Security Ruling ("SSR") 83-20 ("SSR 83-20"). AR at 1312.  Upon remand, on July 18, 2019, an administrative hearing was held in Buffalo, New York before ALJ Stephen Cordovani ("ALJ Cordovani"), at which Plaintiff, represented by Lewis L. Schwartz, Esq., appeared and testified.  AR at 1215-61.  Also appearing and testifying at the hearing were medical expert and pediatrician Sreedevi Chandrashekar, M.D. ("Dr. Chandrashekar"), and vocational expert Dale Pasculli ("the VE").  On July 31, 2019, ALJ Cordovani issued a decision denying Plaintiff disability benefits for the period prior to February 6, 2015 ("ALJ Cordovani decision" or "the ALJ's decision").  AR at 1188-1214.  Plaintiff did not request review by the Appeals Council, but after the regulatory 61-day waiting period, ALJ Cordovani's decision became the Commissioner's final determination, and Plaintiff, on November 26, 2019, commenced the instant action seeking judicial review of the ALJ's decision.

On August 5, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 10) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 10-1) ("Plaintiff's Memorandum").  On September 18, 2020, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's Memorandum"), attaching Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to L. Civ. R. 5.5 on Social Security Cases (Dkt. 12-1) ("Defendant's Memorandum").  Filed on

October 9, 2020 was Plaintiff's Reply (Dkt. 13) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## FACTS[2]

Plaintiff Deevine C. ("Plaintiff"), born August 28, 1989, was 2 years old when he initially was awarded SSI benefits as a disabled child based on ADHA and "marked delays in the social and concentration/persistence/pace domains of development."  AR at 62.  Plaintiff continued to receive disability benefits as a disabled child until August 2007, when Plaintiff attained the age of 18 and was no longer a full-time student.  AR at 301.  Plaintiff lives with his mother, who is in a wheelchair, and relies on his mother's home health aide for most meal preparation, cleaning, and laundry.  AR at 125-26.

It is undisputed that Plaintiff has learning difficulties with reading and writing skills below the third grade level, and math skills at the 6.7 grade level.  AR at 188-99. Although Plaintiff is a high school graduate, he attended special classes, had an Individual Education Program ("IEP"), and did not receive a Regents diploma.  AR at 113, 117, 186-96.  Prior to completing high school, Plaintiff commenced vocational counseling with the New York Office of Vocational and Educational Services for Individuals with Disabilities ("VESID"), where Plaintiff's counselor was Dr. Moss-King. AR at 289-96.  Despite failing to obtain an acceptable score on college placement testing, Plaintiff, with the sponsorship of VESID, enrolled in five classes at Niagara County Community College ("NCCC") for the fall 2007 semester, but failed all five

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

classes.  AR at 258.  Plaintiff intended to return to NCCC for the spring 2008 semester,
but VESID would not continue to sponsor it.  *Id*.  Plaintiff also attempted skills building
classes in the hope of being able to return to NCCC, but dropped out due to personal
reasons.  *Id*.

After high school, Plaintiff worked from May 2013 to September 2014 in a
security position at Wal-Mart, AR at 1195, 1205-05, 1549, a job at which Plaintiff earned
more than the minimum permitted for disability benefits under the Act such that the work
is considered "substantial gainful employment" ("SGA"), but quit after he was promoted
and could not handle the additional responsibilities including writing reports.  AR at
1238-39.  In 2016 and 2017, Plaintiff again performed SGA, this time working in the
back room of a men's clothing store.  AR at 1205-06, 1549.

On December 23, 2008, Dr. Moss-King completed a Medical Assessment of
Ability to Do Work-Related Activities (Mental) for Plaintiff's VESID case ("VESID Mental
Assessment").  AR at 289-91.  In connection with his disability benefits claims, Plaintiff
underwent several consultative examinations including, as relevant here, by
psychologist Renee Baskin, Ph.D. ("Dr. Baskin"), on December 18, 2006, AR at 170-73,
psychiatrist M. S. Rahman, M.D. ("Dr. Rahman"), on March 15, 2007, AR at 230-43,
psychologist Thomas Ryan, Ph.D. ("Dr. Ryan"), on June 2, 2009, AR at 959-962, and
psychologist C. Butensky, Ph.D. ("Dr. Butensky"), on August 7, 2009, AR at 972-88.

At the July 18, 2019 administrative hearing, the ALJ posed a hypothetical to the
VE that mentally limited Plaintiff to being able to "understand, remember, and carry out
simple instructions and tasks, and can work in a low stress environment . . . as reflected
by simple, unskilled work, no supervisory duties, no independent decision making, no

strict production quotas, and minimal changes in work routine and processes. . . . The individual can understand simple written instructions, but there would be no reading as an essential element of the job."  AR at 1255.  Based on this hypothetical, the VE identified three jobs that could be performed, including photocopying machine operator, stock checker, and cafeteria attendant.  *Id*. at 1255-56.

In finding Plaintiff was not disabled prior to February 5, 2016, ALJ Cordovani determined that prior to February 6, 2015, Plaintiff had the RFC

> to perform a full range of work at all exertional levels, but he needed to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants.  The claimant was able to understand, remember, and carry out simple instructions and perform simple tasks.  The claimant was able to understand simple written instructions, and he was able to engage in work with no reading as an essential element of the job.  The claimant was able to engage in occasional interaction with supervisors, co-workers, and the general public. The claimant was able to work in a low-stress environment, reflected by simple unskilled work with minimal changes in work routine and processes and with no supervisory duties, no independent decision-making, and no strict production quotas.

AR at 1201.

## **DISCUSSION**

## 1.    **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In

reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59.

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

2.      **Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity, 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has at least one severe impairment limiting his mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least 12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective impairments, retains the "residual functional capacity ("RFC") to perform his past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform his PRW, whether any work exists in the national economy for which the Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  In the instant case,

the only issue before the court is whether the ALJ's determination that Plaintiff was not disabled prior to February 6, 2015, as found by Judge McCarthy on September 14, 2017, *Colon*, 2017 WL 4570389, at * 8, is supported by substantial evidence in the record.

In support of his motion, Plaintiff argues that in considering Plaintiff disability benefits claim, the Commissioner erred by substituting his own lay person's non-medical judgment for that of a physician or psychologist in assessing the function-by-function mental RFC finding and failing to properly evaluate consulting psychologist Dr. Ryan's opinion after remand from the district court, Plaintiff's Memorandum at 19-30. In opposition, Defendant argues the ALJ's decision is supported by substantial evidence in the record. Defendant's Memorandum at 14-23. In reply, Plaintiff repeats his argument that the Commissioner impermissibly substituted his lay person nonmedical judgment for that of a physician or psychologist in assessing function-by-function Plaintiff's mental RFC and failing to properly evaluate Dr. Ryan's opinion. AR at 2-12. There is no merit to Plaintiff's argument.

In contending ALJ Cordovani failed to reconcile the findings that Plaintiff was extremely limited in his ability to maintain concentration, persistence, or pace, as expressed by Drs. Moss-King and Ryan, with the findings in the consultative opinions of Drs. Baskin, Butensky, and Rahman who found Plaintiff with greater ability in that area, Plaintiff's Memorandum at 25-30, Plaintiff's arguments before the court are limited to Plaintiff's mental impairments. Plaintiff particularly maintains that in considering Plaintiff's disability claims, ALJ Cordovani erred in failing to find Plaintiff's mental impairments meet or medically equal the criteria of 20 C.F.R. Part 404, Subpt. P, Appx.

1, Listing 12.11 (neurodevelopmental disorders) ("Listing 12.11"), particularly the "paragraph B" criteria directing a finding of disability where the mental impairments result in at least one extreme or two marked limitations in four broad areas of functioning, including (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing himself.  Plaintiff's Memorandum at 23-24.  Although Plaintiff does not challenge the ALJ's findings of Plaintiff with a "marked" limitation in the first domain of understanding, remembering, or applying information, and "mild" limitations in the areas of interacting with others and adapting or managing himself, Plaintiff maintains the ALJ erred in finding Plaintiff with only a "moderate" limitation in the third area of concentrating, persisting, or maintains pace, especially in light of the opinions of Plaintiff's VESID counselor Dr. Moss-King and consultative examining psychologist Dr. Ryan, both of whom found Plaintiff more limited in this area.  *Id*.  Significantly, a finding that Plaintiff has a "marked" limitation in this area would establish Plaintiff meets the criteria for Listing 12.11 and, as such, is disabled based on neurodevelopmental disorders.[4]  Substantial evidence in the record, however, supports the ALJ's determination that Plaintiff has only a "moderate" limitation in this area of mental functioning.

Insofar as Plaintiff relies on the opinions of Dr. Moss-King, in completing the VESID Mental Assessment on December 23, 2008, Dr. Moss-King assessed Plaintiff's

---

[4] The definition of "moderate limitation" means a claimant's "functioning in this area independently, appropriately, effectively and on a sustained basis is fair."  20 C.F.R. Pt. 404, Subpt. P, App1, Listing 12.00.F.2.c.  The definition of a "marked limitation" means a claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited."  20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00.F.2.d.

ability to relate to co-workers, deal with the public, maintain personal appearance,

behave in an emotionally stable manner, and demonstrate reliability as "good," AR at

290-91, assessed Plaintiff's ability to follow work rules, use judgment, interact with

supervisors, deal with work stress, and function independently as "fair," *id.*, and

assessed Plaintiff's ability to maintain attention and concentration, understand,

remember, and carry out complex or detailed instructions as "poor or none."  *Id.*

Similarly, upon examining Plaintiff in consultation on June 2, 2009, Dr. Ryan observed

Plaintiff with "somewhat poor" manner of relating, social skills, and presentation and

"some obvious cognitive limitation."  AR at 960.  Attention and concentration were

"impaired apparently due to limited intellectual functioning."  AR at 960.  *Id.*  Plaintiff's

recent and remote memory skills were impaired, cognitive functioning was below-

average with limited general fund of information, both insight and judgment were

"somewhat poor at times due to cognitive limitation."  *Id.* at 961.  Dr. Ryan's Medical

Source Statement was that

> [Plaintiff] demonstrates no significant limitation in his ability to follow and
> understand simple directions, perform simple tasks, generally maintain attention
> and concentration, maintain a regular schedule.  He apparently has significant
> limitations in ability to learn new tasks, perform complex tasks, make adequate
> decisions at times, deal with others, and deal with stress.  Results of the
> evaluation are consistent with stress and possibly cognitive problems which may
> interfere to some degree on a daily basis.

AR at 961.

Nevertheless, the ALJ points to other evidence in the record supporting the finding that

Plaintiff is less than "markedly" impaired in the area of concentrating, persisting, or

maintaining pace, including the December 18, 2006 opinion of Dr. Baskin, the March

2007 opinions of Dr. Rahman, and the August 2009 opinion of Dr. Butensky.  AR at

1198-99 (citing AR 172-73, 176-77, 240, 244-25, 982, 986-89).  Specifically, upon examining Plaintiff on December 18, 2006, Dr. Baskin found Plaintiff's attention and concentration "intact and age-appropriate," further assessing Plaintiff as "able to attend to, follow and understand age-appropriate directions, [and] complete age-appropriate tasks . . . ."  AR at 172, 176.  On March 15, 2007, Dr. Rahman reviewed Plaintiff's medical records and completed a Psychiatric Review Technique indicating Plaintiff had a "moderate" limitation with regard to maintaining concentration, persistence or pace.  AR at 240, 244-45.  On August 8, 2009, Dr. Butensky reviewed Plaintiff's medical record and assessed Plaintiff with "moderate" difficulties in maintain concentration, persistence, or pace.  AR at 982, 986-87.  Dr. Butensky further commented that Plaintiff's vocational evaluations indicated Plaintiff "is able to complete simple job tasks; he has been reluctant to accept recommendations to pursue vocations within his capabilities.  He had moderate limitations in his ability to sustain attention/concentration, interact appropriately with coworkers and supervisors and adapt to changes in routine work setting."  AR at 984.

The ALJ is permitted to rely on the opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record.  *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence); *Pellam v. Astrue*, 508 Fed.Appx. 87, 90 (2d Cir. 2013) (ALJ did not err by failing to adopt consultative examining physician's conclusions in determining the claimant's RFC where the physician's findings were inconsistent with other contemporaneous medical records).  The report of a consultative psychologist also may constitute substantial evidence.  *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06

(2d Cir. 2011).  Accordingly, the ALJ's reliance on the opinions of Drs. Baskin, Butensky, and Rahman over the opinions of Drs. Moss-King and Ryan was not error.

Nor did the ALJ err by failing to obtain a function-by-function assessment of the limitations posed by Plaintiff's mental impairments, as Plaintiff maintains.  Plaintiff's Memorandum at 19-22.  Rather, the Second Circuit has held that in the absence of a function-by-function assessment, an RFC determination is based upon substantial evidence where "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity."  *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 32, 24 (2d Cir. 2013) ("*Tankisi*").  *Tankisi* has been applied where to a mental RFC determination made in the absence of a mental function-by-function assessment.  *See Monroe v. Comm'r of Soc. Sec.*, 2015 WL 13744412, at *8 (N.D.N.Y. Nov. 3, 2015), *report and recommendation adopted*, 2016 WL 552364 (W.D.N.Y. Feb. 10, 2016), *aff'd*, 676 Fed.Appx. 5, 8 (2d Cir. 2017) (affirming district court's finding ALJ's reliance on treating psychiatrist's treatment notes over psychiatrist's medical assessment in formulating mental RFC was not error).  Here, as shown by the ensuing discussion, a review of the record establishes ALJ Cordovani's RFC determination is supported by substantial evidence in the record even without a function-by-function assessment.

Inasmuch as Plaintiff particularly argues the mental functioning portion of the ALJ's RFC finding is not based on any medical authority because Dr. Chandrashekar, the medical expert retained for the July 18, 2019 hearing, is a pediatrician and thus not competent to, and in fact did not, testify to Plaintiff's mental and cognitive impairments, Plaintiff's Memorandum at 22-23, as stated, Background, *supra*, at 4-5, this case is

before the undersigned after being remanded to the Commissioner from this court based on Judge McCarthy's determination that Plaintiff is disabled at least as of February 6, 2015, but that ALJ Straub's failure to fully address the opinions of Dr. Moss-King and Plaintiff's depression and anxiety such that it was possible that Plaintiff had an earlier disability onset date.  AR at 404-27.  Accordingly, on February 21, 2018, the Appeals Council issued the Appeals Council remand order, AR at 1309-16, awarding Title XVI benefits to Plaintiff as of February 6, 2015, suggesting medical expert evidence be obtained to determine "an exact onset date" pursuant to SSR 83-20, and take any further action needed to complete the administrative record, and issue a new decision for the period prior to February 6, 2015."  AR at 1314.  As such, ALJ Cordovani was not required to obtain evidence from a mental health expert.

Furthermore, the ALJ also considered numerous vocational reports completed in connection with Plaintiff's VESID counseling suggest Plaintiff should seek employment in a low stress job in a structured environment, and that between May 2013 and September 2014, Plaintiff engaged in substantial gainful employment.[5]  AR at 1205. Evidence that a claimant is attempting to obtain employment is relevant to the ALJ's disability determination.  *See Lovell v. Colvin*, 137 F.Supp.3d 347, 354 (W.D.N.Y. 2015) (no remand necessary where ALJ rejected Plaintiff's subjective complaints based on Plaintiff's own expressed desire to work such that the ALJ did not abuse his discretion in determining the plaintiff's testimony was not entirely credible).  Relevantly, at the July

---

[5] The court notes Plaintiff, in attempting to minimize his earnings from his employment at Wal-Mart by asserting that on a monthly basis the earnings either do not meet or barely exceed the SGA threshold, *see* Plaintiff's Reply at 10-12. erroneously divides the relevant quarterly earnings by 4 months, resulting in lower amounts for the monthly earnings than would be obtained if the earnings were divided by the 3 months in a quarter (3 months X 4 quarters = 12 months in a year).

18, 2019 hearing, Plaintiff testified he stopped working at Wal-Mart after he was promoted to a security position that required him to use a computer to prepare written reports which he was unable to do, AR at 1238-39, not based on any inability to maintain concentration, persistence, or pace.  Significantly, ALJ Cordovani's RFC determination accommodates Plaintiff's undisputed cognitive limitations by restricting Plaintiff to jobs requiring Plaintiff be able to "understand simple written instructions . . . with no reading as an essential element of the job," AR at 1201, which is consistent with Plaintiff's educational record establishing Plaintiff can read and write at less than the third grade level.  AR at 188-89.

Accordingly, ALJ Cordovani's finding that Plaintiff was not disabled between his application date and February 6, 2015 is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 10) is DENIED; Defendant's Motion (Dkt. 12) is GRANTED.  The Clerk of Court is directed to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 4th, 2021
            Buffalo, New York